## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION RECEIVED

| | |
|---|---|
| EDWARD WILLIAMS | ) |
| | ) 2007 JAN 16  A 10: 21 |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No.: 2:07-CV-43-WHA |
| v. | ) |
| | ) DEMAND FOR JURY TRIAL |
| CHARLES G. WEST, in his Individual and | ) |
| Official Capacity as Sheriff of Crenshaw County,) | |
| Alabama, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW**, Plaintiff Edward Williams, by and through undersigned counsel, and for want of prosecution say as follows:

### I.

### NATURE OF THE ACTION

1.      This is an action seeking redress from unlawful employment practices, specifically discrimination based on race, political affiliation/patronage and retaliation committed against the plaintiff by the defendant.  Plaintiff seeks a declaratory judgment, pursuant to the provisions of Title 28 U.S.C. Sec. 2201, declaring the rights and relations of the parties as follows:

(a)      That the actions of the defendant against the plaintiff regarding the terms and conditions of his employment and the termination of said employment were motivated by discrimination grounded on his race and political affiliation or patronage and retaliation so as to contravene rights secured unto him pursuant to the Equal Protection Clause of the

Fourteenth Amendment to the United States Constitution, the First Amendment to the United States Constitution as enforced by 42 U.S.C. §§ 1981, 1981(a), and 1983.

(b)     This action also seeks mandatory, preliminary and permanent injunctions requiring the defendant to refrain from engaging in race discrimination against African-Americans (blacks/negroes) in his employment practices, including, but not limited to, making employment decisions based on race and political affiliation/ patronage; and that the defendant be enjoined from engaging in acts of retaliation or other tactics whose purpose or aim is to create a hostile work environment against the plaintiff, including, but not limited to, taking any punitive and disciplinary actions against the plaintiff such as termination.   Further, the plaintiff seeks all rights to back pay, interest, allowances, seniority, and retirement benefits to which he would have been entitled had he not been victimized by the defendants' discriminatory conduct.   Plaintiff also seek compensatory damages and equitable relief for the unlawful practices committed by the defendant against him, plus a reasonable award of attorney fee and costs, pursuant to Title 42 U.S.C. §§ 1981, 1981(a), 1983 and 1988.

## II.

### JURISDICTION AND VENUE

2.     Jurisdiction of this court is invoked pursuant to, and in accordance with, the provisions of Title 28 U.S.C. §§1331 and 1343 (3), this being an action to redress deprivation of rights secured unto the plaintiff pursuant to the laws and Constitution of the United States of America, namely the First and Fourteenth Amendment, as enforced by The Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1981(a), 1983.

3.     Venue is appropriate pursuant to Title 28 U.S. C. § 1391(b).

## III.

## THE PARTIES

4.     Plaintiff Edwrad Williams is an African-American (black).  He is over the age of nineteen (19) years, a citizen of the United States and of the State of Alabama, residing in Crenshaw County, Alabama.  At all times material hereto, the plaintiff is employed as a Deputy Sheriff with the Office of the Sheriff, Crenshaw County, Alabama.

5.     Defendant Charles G. West is over the age of nineteen (19) years, a citizen of the United States and a resident of Crenshaw County, Alabama.  Defendant Clark is the duly elected Sheriff of Crenshaw County, Alabama.  At all times material hereto, Defendant West is charged with the duties and responsibilities of operating the Crenshaw County Sheriff Department, including, but not limited to, making employment and personnel decisions for said entity. Defendant West is sued in his individual and official capacities.  Defendant West is subject to suit under the laws and Constitution of the United States as enforced by 42 U.S.C. §§ 1981 and 1983.  All actions complained of herein against Defendant West were committed while acting under color of state law and said actions deprived the plaintiff of a right and/or privilege secured by the Constitution or laws of the United States.

## IV.

## ALLEGATIONS OF FACT

6.     Plaintiff Edward is a member of protected class as he is an African-American, (historically, his racial make-up has been referred to as black or negro).

7.     The plaintiff has been employed as a Sheriff Deputy since January, 1991.  In March 2006, after declaring himself a candidate for the Office of Sheriff for Crenshaw County, the defendant terminated the plaintiff's employment.  Plaintiff avers that by memorandum dated

March 20, 2006, the Defendant directed the Crenshaw County Commission to remove the

plaintiff from the payroll effective March 18, 2006.

      8.    At all times material hereto, the plaintiff's employment is subjected to, governed

and regulated by policies and procedures set forth in The Crenshaw County Personnel Handbook.

Said Handbook contains provisions regarding political activities, political opinions, political

patronage, political affiliations and participation in the political process:

      "Political Activity":

      "County employees may and are encouraged to participate fully and actively in the
political process, except as restricted by law and this resolution. In general, county employees
are restricted only in their political activities in campaign for county office and their on-the-job
political activities for any candidate for any office. Any employee who seeks election to a county
office will be required to take a leave of absence beginning on the day when his/her candidacy is
announced and continuing until he/she is no longer a candidate for office. No employee will be
penalized in any way for permitted political activity, or lack, thereof."

      "POLITICAL PROVISIONS":

      "1.    No individual covered by the county personnel system will be appointed,
promoted, demoted, or dismissed from county position because of his/her political opinions or
affiliations.

      "2.    No person in the county service will use, or promise to use, directly or indirectly
any official authority or influence, whether possessed or anticipated, to secure employment,
promotion, increase in pay, or other advantages in employment with the county for purpose of
influencing the vote or political action of any person, or for any other consideration.

      "3.    No person in the county service will be denied the right to participate in city and
state political activities, except where limited by federal or state law.

      "4.    Any person in the county service who violates any of these political provisions
will be subjected to disciplinary action and/or legal action as specified by law and/or these
policies and procedures."

      9.    Pursuant to the above-referenced provisions of the Crenshaw County Personnel

System, the plaintiff took a leave of absence to campaign for the Office of Sheriff. The plaintiff

and the defendant were candidates both in the primary and in a run-off. The defendant ultimately

prevailed in the run-off on or about July 18, 2006. On or about July 20, 2006, plaintiff sought to

return to his employment as a Deputy Sheriff with the Office of Sheriff for Crenshaw County,

Alabama. Plaintiff avers that the defendant denied his return from a leave of absence. The

defendant represented to the plaintiff by memorandum dated July 24, 2006: "You do not hold a

position as Deputy Sheriff with Crenshaw County. Any County equipment in your possession

should be turned in by August 1, 2006."

**V.**

**FIRST FEDERAL CAUSE OF ACTION**

***Employment Discrimination: Denial of Equal Protection, Fourteenth Amendment;***
***First Amendment & Fourteenth Amendment.***

Plaintiff Edward Williams adopts by reference, and incorporates in this cause of action,

the allegations of paragraph one (1) through ten (10) of this complaint, as if the same were fully

set forth herein and further say:

11.    That the Plaintiff has been discriminated against and treated differently than white

employees solely because of her race, African-American (black), and because of his engaging in

political activities, political patronage and affiliation. Plaintiff avers that his rights to equal

protection under the Fourteenth Amendment to the United States Constitution as enforced by

Title 42 U.S.C. §1983, have been violated by Defendant West. This treatment by the defendant

has affected the terms and conditions of the plaintiff's employment. At all times material hereto,

the defendant's discriminatory conduct as complained of herein was committed while acting

under color of state law and said conduct deprive the plaintiff of a right and/or privilege secured

to her by the Constitution or laws of the United States, as enforced by Title 42 U.S.C. §1983.

12.    The effect of the defendant's unlawful employment practices has been to limit and

discriminate against the plaintiff in ways that result in a deprivation of equal employment opportunities. The plaintiff's status as an employee with the defendant has been adversely affected because of his political affiliation/political patronage, and race, all in violation of The Fourteenth Amendment's Equal Protection Clause and The First Amendment to the United States Constitution, as enforced by Title 42 U.S.C. § 1983.

13.    Plaintiff avers that he is a victim of the defendant's unlawful employment practices and he will continue to be unlawfully deprived of his rights and suffer damages, including, but not limited to, loss income, wages, benefits, seniority, and other monetary and non-monetary benefits due to her, in sums to be proved at trial.

14.    Plaintiff avers that he has suffered loss income, embarrassment, humiliation, mental distress and emotional anguish as a direct and proximate cause of the defendant's discriminatory and unlawful conduct.

15.    Plaintiff avers that he has no plain adequate or complete remedy at law to correct the defendant's unlawful employment practices and the injunctive and other equitable relief he seeks are his only means of securing full relief from these practices. The plaintiff is now and will continue to suffer irreparable harm from the defendant's unlawful employment practices as set forth herein, unless enjoined by this Court by a mandatory injunction and the plaintiff being reinstated to his employment.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff demands that he be afforded equal opportunity for to participate in the political process without fear of retribution, that he be reinstated to his employment as a Deputy Sheriff, that he be awarded compensatory damages, back pay, reinstatement, other back employment benefits, attorney fees, costs and any other relief to which plaintiff may show himself to be justly entitled as determined by this court, including

prospective injunctive relief enjoining the defendant from continuing discriminatory and retaliatory conduct as set forth in this complaint.

## VI.

## SECOND FEDERAL CAUSE OF ACTION

### *Violation of 42 U.S.C. § 1981 and § 1981(a)*

Plaintiff Edward Williams adopts by reference, and incorporates in this cause of action, the allegations of paragraph one (1) through fifteen (15) of this complaint, as if the same were fully set forth herein and further say:

16.    Defendant's unlawful discriminatory employment practices  as complained of herein by the plaintiff has deprived the plaintiff of his right to make, modify, perform, enter, and enforce contracts to the full and equal benefits as that enjoyed by white employees of the Crenshaw County Personnel System, in violation of  The Civil Rights Act of 1866, 42 U.S.C. § 1981 and § 1981(a).

17.    Pursuant to 42 U.S.C. § 1981(b), the plaintiff may seek relief from this court where as here plaintiff avers that the defendant has engaged in intentional racial discrimination in ". . . the making, performance, modification and termination of [her employment] contracts" as well as ". . . the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

18.    Plaintiff avers that he has no plain adequate or complete remedy at law to address the defendant's unlawful employment practices as alleged in this complaint and the injunctive, declaratory and other relief she seeks, including compensatory and punitive damages are his only means of securing full relief from these practices. The plaintiff is now and will continue to suffer irreparable harm from the defendants' unlawful employment practices as set forth herein, unless

enjoined by this Court.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff demands damages,

compensatory and punitive, and any other relief to which plaintiff may show himself to be justly

entitled as determined by this court, including but not limited to an award for her attorney fees,

costs and expenses in bringing this action.

## VII.

### THIRD FEDERAL CAUSE OF ACTION

#### *Retaliation*

Plaintiff Edward Williams adopts by reference, and incorporates in this cause of action,

the allegations of paragraph one (1) through eighteen (18) of this complaint, as if the same were

fully set forth herein and further say:

19.    That the plaintiff avers that as a direct and proximate result of his having

exercised his right under the laws and Constitution of the United States, the State of Alabama

and in accordance with policies and procedures of the Employee Handbook or Manual governing

the Crenshaw County Personnel System with respect to his political affiliation and engaging in

political activities, the defendant  embarked upon a course of action for no other purpose but to

retaliate against him and thereby terminate his employment.

20.    The plaintiff avers that the effect of defendant's retaliation against him has been to

deprive the plaintiff the right to oppose unlawful discriminatory practices, all in violation of his

rights as secured, protected and guaranteed by the laws and Constitution of the United States, as

enforced by Title 42 U.S.C. §§ 1981 and 1983.

21.    As a further consequence and effect of the defendant's unlawful discriminatory

conduct and practices, the plaintiff avers that he has suffered damages, specifically loss income

and other compensation and benefits.

22.    The plaintiff has suffered embarrassment, humiliation, mental anguish, mental distress, emotional pain and anguish, harassment and hostile work environment as a direct and proximate consequence of the defendants' discriminatory, retaliatory and unlawful conduct and actions.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff demands damages and equitable relief, plus any other relief to which plaintiff may show himself to be justly entitled as determined by this court, including, but not limited to, an award for his attorney fees, costs and expenses in bringing this action.

## VIII.

## PRAYER FOR RELIEF

Plaintiff prays that this court will: (a)  issue a declaratory judgment that the defendant's action, policies, practices and procedures complained of herein have violated the rights of the plaintiff as secured by the First and Fourteenth Amendment to the United States Constitution as enforced by Title 42 U.S.C. §§ 1981 and 1983; (b) grant the plaintiff, preliminary and permanent injunction enjoining the defendant from continuing to violate the plaintiff's rights, including, but not limited to, his subjecting the plaintiff to punitive disciplinary measures, including, but not limited to defendant's termination of the plaintiff's employment; (c) enter a order requiring the defendant to make the plaintiff whole by granting appropriate declaratory and injunctive relief, back pay, front pay plus interest, the reasonable value of all benefits lost, as well as compensatory damages; (d) award plaintiff his reasonable attorney fees, costs and expenses; (e) award the plaintiff all other relief to which this court deems appropriate, equitable and just, including, but not limited to, reinstatement to his employment as a Deputy Sheriff for Crenshaw

County, Alabama.

Respectfully submitted,

_____
Amando Wesley Pitters, Esquire
Attorney for the Plaintiff
Alabama State Bar: 8998-T64A

**OF COUNSEL:**

*A. WESLEY PITTERS, P.C.*
1145 South Perry Street
Post Office Box 1973
Montgomery, Alabama 36102
Telephone: (334) 265-3333
Telecopier: (334) 265-3411
Email: awpitters@pitterslawfirm.com