IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDWARD WILLIAMS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:07-cv-00043-WHA-TFM |
| ) | |
| CHARLES WEST ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT SHERIFF CHARLES WEST'S MEMORANDUM BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Crenshaw County Sheriff Charles West and submits the following memorandum of law in support of his Motion to Dismiss Plaintiff's Complaint.

**INTRODUCTION**

In this action, the Plaintiff has sued Crenshaw County Sheriff Charles West based upon allegations that Sheriff West discriminated against him on the basis of his race and political activity and that Sheriff West retaliated against the Plaintiff because Plaintiff ran against Defendant for the office of sheriff in a primary election. Plaintiff makes claims pursuant to the Fourteenth Amendment's Equal Protection Clause and the First Amendment pursuant to 42 U.S.C. § 1983. Plaintiff also makes a racial discrimination claim pursuant to 42 U.S.C. § 1981. The facts presented by the Plaintiff are wholly insufficient to entitle him to relief. Thus, Plaintiff's Complaint is due to be dismissed in its entirety.

## ARGUMENT

**I. PLAINTIFF'S CLAIMS AGAINST THE SHERIFF IN HIS OFFICIAL CAPACITY ARE DUE TO BE DISMISSED.**

    **A.    In his official capacity Sheriff West is protected by absolute immunity.**

The Plaintiff's claims under §§ 1981 and 1983 against Sheriff West in his official capacity are due to be dismissed for lack of subject matter jurisdiction. Charles West, as the Sheriff of Crenshaw County, is an executive officer of the State of Alabama. See <u>McMillian v. Monroe County, Ala.</u>, 117 S. Ct. 1734 (1997) (holding that an Alabama sheriff represents the State of Alabama when executing law enforcement duties). Therefore, a suit against Sheriff West, in his official capacity, is a suit against the State of Alabama. See <u>Hafer v. Melo</u>, 502 U.S. 21, 25 (1991); <u>Lancaster v. Monroe County, Ala.</u>, 116 F.3d 1419, 1429 (11th Cir. 1998).

Although not in Plaintiff's Complaint, 42 U.S.C. § 1981 claims can only be brought pursuant to 42 U.S.C. § 1983. See <u>Palmer v. Stewart County Sch. Dist.</u>, 178 Fed. Appx. 999, 1002 (11th Cir. 2006).

As such, the Plaintiff's claims under § 1983 are barred by the Eleventh Amendment to the United States Constitution. See <u>Dean v. Barber</u>, 951 F.2d 1210, 1215 n.5 (11th Cir. 1992); <u>Carr v. City of Florence, Ala.</u>, 916 F.2d 1521 (11th Cir. 1990); <u>Free v. Granger</u>, 887 F.2d 1552, 1557 (11th Cir. 1989). Accordingly, Sheriff West is immune in his official capacity from the Plaintiff's claims. Thus, this Court lacks subject matter jurisdiction over these claims.

    **B.    Sheriff West in his official capacity is not a "person" within the meaning of § 1983.**

Section 1983 prohibits a "person," acting under color of law, from depriving another of his rights secured by the United States Constitution. See 42 U.S.C. § 1983. The United States Supreme Court has held that a state official sued in his or her official capacity, is not a "person"

under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, the claims against Sheriff West, in his official capacity, are due to be dismissed because he is not a "person" under § 1983, and therefore, these claims fail to state a claim upon which relief can be granted. Id.; Carr, 916 F.2d at 1525 n.3 (citing Will v. Mich. Dep't of State Police and noting that, in addition to entitlement to Eleventh Amendment immunity, "neither a State nor its officials acting in their official capacities are a "person" under § 1983."). Consequently, these claims against Sheriff West are due to be dismissed.

## II. SHERIFF WEST IS PROTECTED BY QUALIFIED IMMUNITY AGAINST THE PLAINTIFF'S § 1983 AND § 1981 CLAIMS AGAINST HIM IN HIS INDIVIDUAL CAPACITY.

In his individual capacity, the Sheriff is entitled to qualified immunity against the Plaintiff's allegations. Qualified immunity protects government officials performing discretionary functions who are sued in their individual capacities "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Once a defendant has asserted the defense of qualified immunity, the threshold inquiry a court must undertake is whether Plaintiff's allegations, if true, establish a constitutional violation. See Saucier v. Katz, 533 U.S. 194, 201 (2001). This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier, 533 U.S. at 201 (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)). The second inquiry is, if a constitutional violation is stated, whether this right was "clearly established" such that the defendant had "fair warning" that the conduct he undertook would violate plaintiff's constitutional rights. Id.

"At the [12(b)(6)] stage, it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective reasonableness.'" Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001) (quoting Behrens v. Pelletier, 516 U.S. 299 (1996)). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The burden is on the Plaintiff to show that the Sheriff has violated a clearly established right and that the law was clearly established. Id. As the Eleventh Circuit has held:

> Qualified immunity is a doctrine that focuses on the actual, on the specific, on the details of concrete cases. The most common error we encounter, as a reviewing court, occurs on this point: courts must not permit plaintiffs to discharge their burden by referring to general rules and to the violation of abstract 'rights.'

Lassiter v. Ala. A&M Univ. Bd. of Trustees, 28 F.3d 1146, 1149-50 (11th Cir. 1994) (en banc). As the Plaintiff has failed to allege facts showing that Sheriff West's conduct violated clearly established law or a constitutional right of the Plaintiff's, the Plaintiff cannot overcome the Sheriff's defense of qualified immunity.

**A.    Plaintiff's Equal Protection claim is due to be dismissed.**

**1.    Plaintiff's Equal Protection claims fail to state a constitutional violation.**

To state a claim for racial discrimination based upon the Equal Protection Clause, the Plaintiff must allege that the discrimination occurred solely because of membership in a protected class and not because of a legitimate, race-neutral reason. See Williams v. Consolidated City of Jacksonville, 341 F.3d 1261, 1269 (11th Cir. 2003) (holding that defendant who made employment decisions motivated solely by race was a constitutional violation); Wallace v. Morrison, 87 F.3d 1271 (11th Cir. 1996) (Equal Protection right not violated by peremptory strike of juror based upon race and a race-neutral factor.). Plaintiff plainly alleges in his Complaint that Sheriff West

4

did not allow Plaintiff to return to his position as deputy sheriff because of two reasons – the fact that Plaintiff opposed Defendant in the primary election and because of Plaintiff's race. Plaintiff's allegation that he was not allowed to retain his position as deputy sheriff because he opposed the Defendant in the election is a race-neutral reason for termination. Further, Plaintiff makes no allegations that white employees who were similarly situated to Plaintiff were treated more favorably. Thus, Plaintiff has failed to allege a constitutional violation.

### 2. No law clearly establishes that Sheriff West violated Plaintiff's rights.

As the law clearly states that an employer's decision based upon race and a non-racial factor does not state a constitutional violation, no law clearly established Sheriff West's actions to be unconstitutional.

### B. Plaintiff's First Amendment claim is due to be dismissed.

### 1. Plaintiff's First Amendment claim fails to state a constitutional violation.

Plaintiff has failed to allege a First Amendment violation as it is entirely lawful for an Alabama sheriff to terminate a deputy who opposed the sheriff in an election. See Terry v. Cook, 866 F.2d 373 (11th Cir. 1989). In Terry, the Eleventh Circuit relied upon the well-settled Alabama law that a deputy sheriff is a representative and alter ego of the sheriff and that the sheriff is civilly liable for actions taken by deputy in the performance of his duties. Id. at 377. "The closeness and cooperation required between sheriffs and their deputies necessitates the sheriff's absolute authority over their appointment and/or retention." Id. at 377.

In Terry, the defendant sheriff terminated all deputies hired by the previous sheriff, as to not have a deputy disloyal to him. Defendant West's need to not have Plaintiff employed under him is stronger than the need by the sheriff in Terry, as Plaintiff was a candidate against Sheriff West, not just a deputy hired by a previous sheriff.

5

Under Alabama law, loyalty to an individual sheriff's goals and policies is an appropriate requirement for effective performance of deputy sheriff; thus, Sheriff West had absolute authority without violating the First Amendment to decline to reinstate Plaintiff.

**2.    No law clearly establishes that Sheriff West violated Plaintiff's First Amendment rights.**

As the law clearly states that an Alabama sheriff has the absolute authority to refuse to reinstate a deputy sheriff who did not support him in an election campaign, Plaintiff's allegation that Sheriff West's actions violated his First Amendment rights fails.

**III.   PLAINTIFF'S § 1981 CLAIM IS DUE TO BE DISMISSED.**

**A.    Plaintiff fails to properly allege § 1981 claim.**

42 U.S.C. § 1981 does not provide a cause of action against state actors. A claim pursuant to 42 U.S.C. § 1981 against a state actor must be brought under 42 U.S.C. § 1983, as § 1983 is the only vehicle for suing a governmental entity pursuant to § 1981. Section 1983 provides a cause of action for persons injured as a result of a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" under color of state law. 42 U.S.C. § 1983. "Section 1983 provides the sole cause of action against state actors for violating § 1981." Palmer v. Stewart County Sch. Dist., 178 Fed. Appx. at 1002; see also Butts v. County of Volusia, 222 F.3d 891, 892-94 (11th Cir.2000) (affirming dismissal of § 1981 claim because plaintiff did not use § 1983 to bring claim); Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701 (1989) (holding that a plaintiff must use the remedial provisions of § 1983 to enforce the rights created by § 1981 against state actors).

Plaintiff clearly fails to state that he is bringing his 42 U.S.C. § 1981 suit pursuant to 42 U.S.C. § 1983. However, Plaintiff states that he is bringing his Fourteenth Amendment and First

Amendment claims pursuant to § 1983. Thus, Plaintiff chose to not bring his § 1981 claims pursuant to § 1983. Thus, Plaintiff's § 1981 claim is due to be dismissed.

    **B.    Plaintiff's § 1981 claim fails.**

Qualified immunity insulates government officials from personal liability under §1981 in the same way that it does for § 1983 actions. As such, Plaintiff has failed to state a violation pursuant to 42 U.S.C. § 1981, as Plaintiff's Complaint states that he was discriminated against based upon two reasons – his race and his political activity. Liability for discrimination under § 1981 must be founded solely upon purposeful discrimination. Ferrill v. Parker Group, Inc., 168 F.3d 468, 472 (11th Cir. 1999) (holding that § 1981 violation must be based solely upon purposeful discrimination).

Thus, no clearly established law provided Defendant West with clear warning that his actions violated § 1981. In fact, the law clearly establishes that Defendant West's actions were lawful.

**IV.    PLAINTIFF'S RETALIATION CLAIMS FAIL.**

Plaintiff attempts to allege that he has been retaliated against in violation of the First Amendment. This claim is identical to Plaintiff's claim that he has been discriminated against in violation of the First Amendment and is due to be dismissed for the same reasons. Plaintiff alleges he was dismissed based upon the fact that he was an unsuccessful candidate for the office of sheriff. Alabama sheriffs are authorized to dismiss deputy sheriffs who did not support them in their election. See Terry, 866 F.2d 373.

Plaintiff's attempt to state a claim that he was retaliated against in violation of 42 U.S.C. § 1981 fails as Plaintiff makes no allegation that he opposed any unlawful discriminatory practices.

Andrews v. Lakeshore Rehab. Hosp., 140 F.3d 1405, 1412-13 (11th Cir.1998) (holding that § 1981 prohibits retaliation based on the right to challenge racial discrimination).

Further, Plaintiff claims that he has been exposed to "harassment and a hostile work environment." (Plaintiff's Compl. ¶ 22.) If Plaintiff is attempting to make a harassment or a hostile work environment claim, this attempt fails. Plaintiff makes no statement as to under what statute he is alleging a harassment and hostile environment claim, and the Complaint is devoid of any allegation establishing harassment or hostile work environment.

V.   **PLAINTIFF WAS NOT SUBJECT TO PROVISIONS OF CRENSHAW COUNTY PERSONNEL MANUAL.**

Plaintiff's references to the provisions of the Crenshaw County Personnel Manual or handbook throughout his Complaint are irrelevant. As a Crenshaw County Deputy Sheriff, Plaintiff was not employed under the authority of the Crenshaw County Personnel System Manual. Plaintiff was an employee of the Crenshaw County Sheriff and not an employee of the county or the county commission. Hester v. Lowndes County Comm'n, 2006 WL 2547430, *5 (M.D. Ala. 2006); Whitten v. Lowe, 677 So. 2d 778, 779-80 (Ala. Civ. App. 1995) (finding that Alabama deputy sheriffs, as State constitutional officers, are not considered employees of their respective counties for purposes of local personnel provisions); Hooks v. Hitt, 539 So. 2d 157 (Ala. 1998) (holding that because investigator with district attorney's office was state employee, he was not entitled to due process proceedings afforded to county employees under a local act); Ala. Op. Atty. Gen. No. 2001-217 (holding that Alabama deputy sheriffs are not subject to the personnel policies established by county commission); Lancaster v. Monroe County, Ala., 116 F.3d at 1430 (finding that Alabama deputy sheriffs are State constitutional officials because as a legal extension of the sheriff they perform the sheriff's statutory duties). Sheriff West has full authority to hire and fire his deputies, apart from any policies of Crenshaw County. See Id. (noting Alabama sheriff's control over

8

employment of deputies). Thus, Sheriff West was not encumbered by any provision of the Crenshaw County Personnel Manual in terminating the Plaintiff.

## VI. SHERIFF WEST IS IMMUNE FROM PUNITIVE DAMAGES.

Plaintiff claim for punitive damages as a result of an alleged 42 U.S.C. § 1981 violation fails. Punitive damages are prohibited against the State of Alabama. Ala. Code § 6-11-26 (1975). As discussed above, Sheriff West is an executive officer of the State, and a suit against him is, in essence, a suit against the State of Alabama. Thus, the Plaintiff's claims for punitive damages against Sheriff West is due to be dismissed.

Based upon the foregoing, Sheriff West requests that Plaintiff's Complaint be dismissed. Defendant also requests costs and attorneys' fees pursuant to law and 42 U.S.C. § 1988.

Respectfully submitted this 21st day of February, 2007.

> **s/ Robbie Alexander Hyde**
> ROBBIE ALEXANDER HYDE, Bar No. ALE023
> Attorney for Defendant
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Drive
> Post Office Box 240909
> Montgomery, Alabama 36124
> Telephone: (334) 262-1850
> Fax: (334) 262-1889
> E-mail: rhyde@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on **February 21, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: **Amardo Wesley Pitters, Esq.**

> **s/ Robbie Alexander Hyde**
> Of Counsel